

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~POSTOFFICE STREET~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-3238
Re: Whether the county commissioners' court may select a bank as a county depository, under the stated circumstances.

This is in reply to your letter of February 26, 1941, propounding the following question for an opinion:

"I would call to your attention the County Depository Pledge contract executed by the First National Bank of Fabens, Texas, to cover deposits in the amount of $65,000.00, which sum is on time deposit, and on which sum interest is paid. This is only a small fraction, of course, of the amount of the county's deposit. A similar contract was executed two years ago with the First National Bank of Fabens, however, this year, because of illness on the part of the President of the bank, he failed to notice the publication calling for bids as required by Article 2544 of the Revised Civil Statutes, and consequently did not submit a bid to the county for a part of its deposits. The other banks do not pay interest on deposits, and for that reason the county desired to leave this part of its deposits with the First National Bank of Fabens, if it could be legally done. In view of the fact that a bid was not submitted by the bank and a certified check was not deposited as required by law, there was some doubt in my mind as to whether such a contract could be executed, and the Court advised me to call the matter to your attention in submitting the contract to you for approval. If by virtue of the execution of the contract and deposit of the pledges, the contract will be binding upon the bank and is acceptable by you, the Court desires to have it accepted."

Chapter two of Title 47, Vernon's Civil Statutes, dealing with county depositories, provides for the publication of notice that a contract with a county depository is to be made (Art. 2544); that any banking corporation, association, or individual banker desiring to be designated as county depository shall make and deliver to the County Judge an application applying for such funds, and shall state the amount of paid-up capital stock and permanent surplus of the bank, and other like requirements (Art. 2544); that "it shall be the duty of the commissioners' court at ten o'clock A.M. on the first day of each term at which banks are to be selected as county depositories, to consider all applications filed with the County Judge, cause such applications to be entered upon the minutes of the court, and to select those applicants that are acceptable and who offer the most favorable terms and conditions for the handling of such

fund and having the power to reject those whose management or condition, in the opinion of the court, does not warrant placing of county funds in their possession." (Art. 2546).

The statute thus quoted clearly requires that county depositories be selected by the commissioners' court from those banking institutions who have regularly made application in accordance with the statutes.

The circumstances stated by you with reference to the desirability of renewing the depository contract with the First National Bank of Fabens, however, persuasive from a business standpoint cannot justify a departure from the rule of the statute.

We have assumed that the court has before it a bid or bids from which it can select a county depository, for otherwise Article 2550 of the Revised Civil Statutes provides the proper procedure.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer

Ocie Speer
Assistant

APPROVED MAR 14, 1941
/s/ GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR-egw

Approved
Opinion Committee
By B W B
Chairman